CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ADAM OLIN (Bar No. 298380)
Deputy Federal Public Defender
Adam_Olin@fd.org
JOHN RUPERT O'NEAL (Bar No. 332827)
Public Interest Fellow
Jake_Oneal@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

*Attorneys for Defendant*
DEMETRIUS SMITH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEMETRIUS ALEXANDER SMITH, III,<br><br>Defendant. | Case Nos. 2:19-cr-414-CAS-1<br>2:02-cr-097-CAS-1<br><br>**MR. SMITH'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF** |

# RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF

## I.     BACKGROUND

On July 7, 2021, Demetrius Smith's mother gave a duffel bag filled with papers to social workers at the Office of the Federal Public Defender. O'Neal Decl. ¶ 2. Mr. Smith's mother was not sure what was in the duffel bag but hoped there may be something helpful to Mr. Smith's case. *Id.*

On the morning of Tuesday, July 20, the Government emailed Mr. Smith's counsel and demanded that these documents be produced. *Id.* ¶ 3. That same day, counsel for Mr. Smith viewed the contents of the duffel bag for the first time. *Id.* A cursory glance revealed a plethora of documents ranging from BOP records, health records, birthday cards, airplane boarding passes, and financial records. *Id.*

The very next morning—before Mr. Smith's counsel responded—the Government filed a supplemental brief, requesting that the "Court order defense counsel to produce these documents to the government and the Court." *See* Case No. 19-CR-414-CAS, ECF No. 46; Case No. 02-CR-97-CAS, ECF No. 90.

## II.    THE GOVERNMENT IS NOT ENTITLED TO THE DOCUMENTS

Citing no legal authority, the Government asserts that it is entitled to these documents. Not so. *First*, it is not clear that Rule 16 even applies to revocation proceedings. *See United States v. Mitchell*, No. 3:09CR186, 2009 WL 4114378, at *1 (W.D.N.C. Nov. 23, 2009) ("The government has not shown any authority for applying Rule 16 to supervised release hearings, nor has the Court found any. Therefore, the magistrate judge's decision that the government was not entitled to discovery under Rule 16 is not contrary to law."). Even if Rule 16 did apply, Mr. Smith is not relying on the duffel-bag documents in connection with the Government's motion here, rendering Rule 16 inapposite. *See* Smith's Opp'n to the Gov't's Mot.; O'Neal Decl. ¶ 4; Fed. R. Crim. P. 16(b)(1)(A)(ii) (production of documents is required only if "the defendant intends to use the item in the defendant's case-in-chief at trial"). *Second*,

Rule 32.1, which applies to revocation proceedings, allocates no authority to the Government to discover anything from the defendant. *See* Fed. R. Crim. P. 32.1; *see also Mitchell,* 2009 WL 4114378, at *1 (affirming magistrate judge's determination that there are no reciprocal production obligations under Rule 32.1).

The Government's request should be denied.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

ADAM OLIN
Deputy Federal Public Defender

DATED: July 21, 2021

JOHN RUPERT O'NEAL
Public Interest Fellow at FPD
*Attorney for Demetrius Smith*

## DECLARATION OF JOHN RUPERT O'NEAL

I, John Rupert O'Neal, declare as follows:

1. I am a Public Interest Fellow at the Federal Public Defender's Office in the Central District of California appointed to represent Demetrius Smith.

2. Two social workers at our office explained to me that Demetrius Smith's mother gave them a duffel bag filled with papers. She was not sure what was in the bag but hoped there would be something helpful for Mr. Smith's case.

3. On July 20, at 10:18 a.m., AUSA Lyndsi Allsop wrote DFPD Adam Olin and me an email demanding production of the duffel-bag documents. I had not even seen the bag at this point. Pursuant to her email, Mr. Olin and I conducted a cursory review of the duffel bag's contents. That review revealed crumpled, miscellaneous documents including BOP records, health records, birthday cards, airplane boarding passes, and financial records, among other items.

4. We are not relying on anything in the duffel bag regarding the Government's motion for a competency hearing and a psychiatric exam.

Executed on July 21, 2021    _____
                              JOHN RUPERT O'NEAL